UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OWNER-OPERATOR INDEPENDENT
DRIVERS ASSOCIATION, INC.,
ICEHOUSE CARTAGE EXPRESS, INC.,
GRAIN EXPRESS, INC., and NORTHSTAR
EXPRESS, individually, and on behalf of all
others similarly situated,

            Plaintiffs,

-vs-                                                    Case No.  5:05-cv-440-Oc-10GRJ

4 POINTS LOGISTICS, LLC and
COMPOSITE ANALYSIS GROUP, INC.,
d/b/a LIPSEY MOUNTAIN SPRING
WATER,

            Defendants.
_____/

## **O R D E R**

This case is before the Court for consideration of the motion (Doc. 111) of Defendant Composite Analysis Group, Inc. d/b/a Lipsey Mountain Spring Water ("Lipsey Water") to Tax Attorneys' Fees and Costs Against Plaintiffs. The Plaintiffs have responded (Doc. 144) to that motion, which is ripe for review and is due to be denied.

As the Court has explained in previous orders, this is a class action concerning an alleged breach of contract and breach of federal regulations brought by individual trucking companies (the "Individual Plaintiffs") and the Owner-Operator Independent Drivers Association, Inc. ("OOIDA") against Lipsey Water and 4 Points Logistics, LLC ("4 Points").

The litigation arose out of the aftermath of Hurricane Katrina and an effort by the State of Florida to provide fresh water and ice to victims of the storm in the Florida Gulf Coast Area.

On October 26, 2005, the Plaintiffs filed the class action complaint (Doc. 1) and on April 6, 2006 the Plaintiffs filed an amended class action complaint (the "Amended Complaint" - Doc. 66) that contained five Counts.  Counts IV and V of the Amended Complaint purported to state claims for relief against Lipsey Water.  In Count IV of the Amended Complaint, titled "Breach of Contract by Lipsey Water," the Plaintiffs alleged that the Individual Plaintiffs are third party beneficiaries of certain water and ice contracts. In Count V of the Amended Complaint, the Plaintiffs purported to state a claim titled "Lipsey Water is Primarily Liable For All Transportation and Detention Charges."  In the Amended Complaint, the Plaintiffs alleged subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 & 1367.  However, only the Court's supplemental jurisdiction (§ 1367) and jurisdiction based upon diversity (§ 1332) provided potentially valid grounds for subject matter jurisdiction over the state-law claims alleged against Lipsey Water.

On February 14, 2006, the Plaintiffs filed a motion to certify class (Doc. 47), which remained pending until July of 2007, when the Court denied that motion as moot and entered final judgment (Doc. 134) against the Plaintiffs.  In the mean time, on April 28, 2006, Lipsey Water moved (Doc. 67) to dismiss Counts IV and V of the Amended Complaint. On September 6, 2006, the Court entered an Order (Doc. 105) dismissing with prejudice Counts IV and V for failure to state a claim on which relief may be granted.  However, prior to the Court's dismissal of those claims - and the resulting dismissal of

Lipsey Water from this action - Lipsey Water served upon the Plaintiffs offers of judgment pursuant to Florida Statutes section 768.79 and Florida Rule of Civil Procedure 1.442. Specifically, on June 8, 2006, Lipsey Water served each of the Individual Plaintiffs and OOIDA with offers of judgment in the amount of $1,000.00. None of the Plaintiffs accepted the offers of judgment.

On September 26, 2006, the Court directed (Doc. 107) the Plaintiffs to file an amended motion to certify class in light of the dismissal of Lipsey Water. On July 13, 2007, the Court entered summary judgment (Doc. 133) in favor of 4 Points - the only remaining defendant - and denied as moot the amended motion for class certification. A few days later, the Clerk entered final judgment (Doc. 134) in favor of Lipsey Water and against the Plaintiffs. Prior to the entry of final judgment, on October 16, 2006, Lipsey Water moved the Court for an award of attorney fees and costs pursuant to the unaccepted offers of judgment. The Court will now consider that motion.

Florida's offer of judgment statute provides for recovery of reasonable costs and attorney fees from the date of such an offer if the offer is rejected or expires and the defendant obtains a judgment of no liability. Fla Stat. § 768.79. Specifically, the statute provides in pertinent part as follows:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

Fla. Stat. § 768.79(1). In addition, Florida Rule of Civil Procedure 1.442 governs proposals for settlement and applies to offers made pursuant to section 768.79. See McMahan v. Toto, 311 F.3d 1077, 1082 (11th Cir. 2002) ("McMahan II"). Specifically applicable to class actions, Florida Rule of Civil Procedure 1.442(f) provides that: "In any case in which the existence of a class is alleged, the time for acceptance of a proposal for settlement is extended to 30 days after the date the order granting or denying certification is filed."

The Eleventh Circuit has unequivocally stated that: "This circuit has found § 768.79 to be substantive for Erie purposes." Jones v. United Space Alliance, LLC, – F.3d –, 2007 WL 2254510, *2 (11th Cir. Aug. 8, 2007) (citing McMahon v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001) ("McMahan I") modified in part by 311 F.3d 1077 (11th Cir. 2002) ("McMahan II")).

However, the more uncertain question is whether Rule 1.442(f) is substantive law for Erie purposes. By its own terms, Rule 1.442 "applies to all proposals for settlement authorized by Florida law." In McMahan I, the Eleventh Circuit discussed Rule 1.442 generally:

> Somewhat complicating matters, Florida Rule of Civil Procedure 1.442 (Proposals for Settlement), adopted by the Florida Supreme Court, also covers the subject of offers of judgment. Rule 1.442 is the procedural vehicle which a litigant can use to enforce the right to attorney's fees. The Florida Supreme Court retains final authority to control judicial procedure and, consequently, the provisions of Rule 1.442 supersede any contrary procedures contained in Fla. Stat. § 768.79. Fla. R. Civ. P. 1.442(a).

256 F.3d at 1131.  In addition, the Florida Supreme Court has commented specifically on the procedural nature of Rule 1.442.  See McMahan I, 256 F.3d at 1133 (citing In re Amendments to the Florida Rules of Civil Procedure, 682 So. 2d 105, 105-06 (Fla. 1996) (Florida Supreme Court rejected amendments to Fla. R. Civ. P. 1.442 that were at variance with Fla. Stat. § 768.79 because of legislative prerogative to enact substantive law); Timmons v. Combs, 608 So.2d 1, 2-3 (Fla.1992) ("[I]t is clear that the circumstances under which a party is entitled to costs and attorney's fees is substantive and that our rule [Fla. R. Civ. P. 1.442] can only control procedural matters.")).

Despite the general authority suggesting that Rule 1.442 is merely procedural in nature, no court has considered whether subsection (f) of that Rule, effective November 1, 2001, is procedural or substantive for Erie purposes.  However, citing to McMahan II, at least one court in this circuit has found that "despite the fact that the amended version of Rule 1.442 is labeled a rule of civil procedure, it is substantive law for Erie purposes . . . ."  Morris v. Arizona Beverage Co., 2005 WL 5544961, *4 (S.D. Fla. Feb. 9, 2005) (emphasis in original).  Indeed, in McMahan II, although not explicitly labeling the Rule as substantive, the circuit construed Rule 1.442 as such by applying it to a claim brought in federal district court and to which Florida law applied.  See 311 F.3d at 1082 ("That rule applies to offers made pursuant to § 768.79.").

As to the specific aspect of the Rule sought to be applied in this case, subsection (f) is merely an extension of the time for a plaintiff to accept an offer of judgment made in a class action.  An integral part of section 768.79, which is substantive law for Erie purposes,

5

is the thirty-day period in which to accept the offer.  Accordingly, this Court sees no reason why another provision of Florida law - whatever label it carries - that defines the period during which an offer of judgment may be accepted would not also be substantive for <u>Erie</u> purposes.  Accordingly, just as the thirty-day period for acceptance of an offer of judgment specified in section 768.79 is substantive for <u>Erie</u> purposes, the provision for an extension of that acceptance period to thirty days in class actions, as specified in Rule 1.442(f) after denial of class certification, is also substantive for <u>Erie</u> purposes.

The Court denied class certification months after it dismissed Lipsey Water from this action.  Moreover, the Court denied the motion for class certification as moot because the Court granted judgment in favor of the Defendants prior to considering that motion.  It could be argued that pursuant to Rule 1.442(f) the time for acceptance of the offer of judgment never expired in this case or, on the other hand, one could argue that the time for acceptance expired thirty days after the motion for class certification was denied as moot and final judgment was entered in favor of the Defendants - which was months after Lipsey Water had already prevailed and was dismissed from the action.  As a practical matter, however, the Court simply finds that Lipsey Water's offer of judgment did not expire prior to that defendant being dismissed from this case, at which point the offer of judgment

became moot.[1]  Thus, Lipsey Water is not entitled to recover costs and attorney fees pursuant to section 768.79.[2]

Accordingly, upon due consideration, the motion (Doc. 111) of Defendant Composite Analysis Group, Inc. d/b/a Lipsey Mountain Spring Water ("Lipsey Water") to Tax Attorneys' Fees and Costs Against Plaintiffs is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 18th day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

[1] As such, the Court need not determine whether the offer of judgment was unreasonable.

[2] The Court also notes that its finding of no liability under section 768.79 through the application of Rule 1.442(f) is consistent with a strong interest of the federal courts not to allow a prospective defendant to pick-off class representatives through offers of judgment by forcing those representatives to choose - prior to a ruling on class certification - whether to abandon the cause of the class in favor of an individual settlement with the specter of an attorney fee award hanging over them.  See generally Roper v. Conserve, Inc., 578 F.2d 1106, 1110 (5th Cir. 1978). Moreover, the Court notes without making any finding that it is an open issue in the circuit as to whether section 768.79 is "preempted" by Federal Rule of Civil Procedure 68 to the extent that Florida law allows for the recovery of attorney fees by a prevailing defendant. See Jones v. United Space Alliance, LLC, – F.3d –, 2007 WL 2254510, *2 (11th Cir. Aug. 8, 2007).  Further, there is also some question as to the applicability of section 768.79 to actions filed in federal court. See Keese v. Bank of America, 371 F. Supp. 2d 1370, 1372-73 (M.D. Fla. 2005); see also Strait v. Busch Ent. Corp., 2007 WL 496605, *2 (M.D. Fla. Feb. 12, 2007).